IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| AMY ELISE ECKARDT, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 11-CV-1011 |
| JUDGE STEPHEN KOURI, JUDGE RICHARD MCCOY, and JUDGE ALBERT PURHAM, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is *pro se* Plaintiff's Motion for Default Judgment (d/e 25) filed June 20, 2011, Defendant Judge Albert Purham's Motion for Leave to File Motion to Dismiss (d/e 26) filed June 23, 2011, and Plaintiff's Response to Motion for Leave to File Motion to Dismiss (d/e 27) filed June 30, 2011. The Court is proceeding with a Report and Recommendation as Plaintiff's Motion for Default Judgment (d/e 25) is dispositive in nature.

BACKGROUND

On January 11, 2011, Plaintiff filed her original Complaint against Defendants Judge Stephen Kouri and Judge Richard McCoy. Service of process was accomplished upon those Defendants and they jointly filed a

Motion to Dismiss (d/e 6) on March 14, 2011. On April 1, 2011, Plaintiff filed an Amended Complaint (d/e 10) adding Defendant Judge Albert Purham. Plaintiff subsequently petitioned and was granted leave to file an Amended Supplemental Complaint (d/e 14) against all three Defendants on April 29, 2011. Summons was issued to Defendant Judge Albert Purham on May 4, 2011 (d/e 15). On May 26, 2011, a document entitled Waiver of Service (d/e 23) was entered in the docket which is actually a return of service on summons showing Defendant Judge Albert Purham was served with summons on May 23, 2011. Typically, under Local Rule 12.1, Defendant Purham, being an official or employee of the State of Illinois, would be given 60 days, or until July 22, 2011, to answer or otherwise plead to Plaintiff's Amended Supplemental Complaint (d/e 14). In fact, the answer deadline was listed as July 22, 2011 (see text entry corresponding to d/e 23). However, by Order (d/e 13) of U.S. District Judge Michael Mihm dated April 29, 2011, all Defendants were directed to file responsive pleadings "within 21 days after the new defendant has been served with process" or June 13, 2011.

    Defendant Judge Albert Purham did not answer or otherwise plead by June 13, 2011, and *pro se* Plaintiff filed her Motion for Default Judgment

(d/e 25) on June 20, 2011.  Defendant Purham filed his Motion for Leave to File Motion to Dismiss (d/e 26) on June 23, 2011, stating that his counsel mistakenly relied upon Local Rule 12.1, believing that Defendant Purham's responsive pleading was due on or before July 22, 2011, and overlooking Judge Mihm's Order.   Counsel for Defendant Purham was not representing Defendant Purham at the time of entry of the Order - indeed, Defendant Purham was not served until three weeks after entry of the Order (d/e 13).   Defendant Purham's responsive pleading was due June 13, 2011.   His Motion for Leave to File Motion to Dismiss (d/e 26) was filed June 23, 2011 - a total of ten (10) days late.

Defendant Purham's Motion for Leave to File Motion to Dismiss (d/e 26)  indicates that Defendant has now appeared and is defending the case.  Therefore, default isn't proper under Rule 55(a).

ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion.  O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993).  Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  C.K.S. Engineers, Inc.

v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984). Herein, default has not been entered, merely a motion for entry of default judgment has been filed. Defendant Purham is ready to file his responsive pleading at this time. Defendant Purham's failure to file a responsive pleading by June 13, 2011 has caused only a minimal delay herein. The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

Herein, if default had been entered, the Defendant under these facts would have grounds to move to vacate default under Rule 60(b) as it has shown good cause for the default, quick action to correct it, and a meritorious defense. See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir., 1991).

CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that *pro se* Plaintiff's Motion for Default Judgment (d/e 25) be DENIED; that Defendant Judge Purham's Motion for Leave to File Motion to Dismiss (d/e 26) be ALLOWED; and that the Clerk be directed to file *instanter* Defendant Purham's Motion to Dismiss.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen (14) days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986). See also Local Rule 72.2.

ENTERED this 5th day of July, 2011.

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE