**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| AMY ELISE ECKARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-1011 |
| | ) | |
| JUDGE STEPHEN KOURI, | ) | |
| JUDGE RICHARD McCOY, and | ) | |
| JUDGE ALBERT PURHAM, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and

Recommendation on Defendants Judge Richard McCoy and Judge

Stephen Kouri's Motion to Dismiss Amended Complaint (d/e 18) (Motion).

Defendants Judges McCoy and Kouri are Illinois state judges in the Illinois

Tenth Judicial Circuit.  Eckardt alleges that Judge McCoy violated her

constitutional rights in connection with his decisions in a case in Tazewell

County, Illinois, in which she lost custody of her children.  Amended

Supplemental Complaint (d/e 14) (Supplemental Complaint).  Eckardt

identifies the proceeding as Juvenile Case No. 03-JA-17 (hereinafter the

Underlying State Case).  See e.g., Complaint, at 4.  Eckardt alleges that

Judge Kouri was the presiding judge in Tazewell County.  She alleges that

Judge Kouri knew of Judge McCoy's wrongful actions and did nothing to stop him. She alleges that Judge Kouri thereby violated her constitutional rights. Defendants Judges Kouri and McCoy move to dismiss the claims against them in the Supplemental Complaint. The District Court referred the Motion for a Report and Recommendation. Text Order entered May 25, 2011. For the reasons set forth below, this Court recommends that the Motion be ALLOWED.

## STATEMENT OF FACTS

The allegations in the Supplemental Complaint are not crystal clear, but the basic facts appear to be that Eckardt went with her children to a shelter for battered women in 2003 to get away from her abusive husband. Her married name was Amy DeWeese. At some point, she divorced her husband and went back to her previous name, Eckardt. The shelter, as a mandatory reporter, reported the fact that her children were at the shelter to the Illinois Department of Children and Family Services (DCFS). Representatives of DCFS eventually took the children and put them into protective custody because the children were effectively homeless. Amended Complaint in Response to Motion to Dismiss (d/e 10) (Amended Complaint), Exhibit 24, Letter dated September 23, 2004.[1] The Underlying

---

[1] Eckardt incorporates by reference the Exhibits attached to the Amended Complaint into the Supplemental Complaint. All Exhibit references are to the exhibits attached to the Amended Complaint and incorporated by reference into the Supplemental Complaint.

State Case then was commenced.  Judge McCoy presided over the Underlying State Case.  The children were apparently placed with relatives of Eckardt's husband (or ex-husband).  Amended Complaint, Exhibit 7, Clinical Treatment Report dated December 15, 2003, and Exhibit 26, Page from undated report from Catholic Charities.[2]  At one point during the Underlying State Case, Eckardt was required to undergo a psychiatric evaluation.  Amended Complaint, Exhibit 17, Psychiatric Evaluation dated February 6, 2005.  Psychiatrist Richard Grant, M.D., diagnosed Eckardt with delusional disorder, persecutory type, provisional.  Id.

Eckardt had several lawyers appointed to represent her in the Underlying State Case, but she fired each of them because she believed that each was incompetent.[3]  See e.g., Supplemental Complaint, at 3-4.  She ultimately was forced to proceed without counsel because Judge McCoy denied her request for appointment of counsel on three separate occasions.  Supplemental Complaint, at 14; Amended Complaint, Exhibit 33, Letter dated July 23, 2008, to Illinois Courts Commission.  The Underlying State Case ultimately resulted in Eckardt losing custody of her

_____

[2]The Supplemental Complaint references Exhibit 26 under the heading of Catholic Charities.  Supplemental Complaint, at 11.  Eckardt provides no other context for Exhibit 26.

[3]The Complaint indicates that Eckardt was represented at various points by attorneys named Brown, Thorbjornsen, Otten, and Kelly.  Supplemental Complaint, at 4, 9, and Amended Complaint in Response to Motion to Dismiss (d/e 10) (Amended Complaint), Exhibit 14, Letter dated April 7, 2004.  According to the Supplemental Complaint, she appears to have fired all of them.

children.[4]

Eckardt alleges that Judge Kouri was the presiding judge over the courtroom and therefore accountable for Defendant Judge McCoy's actions. Supplemental Complaint, at 17. She alleges that Judge Kouri knew of Judge McCoy's wrongful actions because she sent him a letter regarding the matter. Id. at 19.[5]

Eckardt asks this Court to exonerate her from the Underlying State Case or let her proceed to jury trial herein to exonerate herself, and to award her compensatory damages of $7,000,000.00 and punitive damages of $7,000,000.00. Defendants Judges McCoy and Kouri move to dismiss.

## LEGAL STANDARD

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Supplemental Complaint and draw all inferences in the light most favorable to Eckardt. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v.

---

[4]The Supplemental Complaint also makes some ambiguous references to terminating Eckardt's parental rights. Eckardt alleges that Judge McCoy, "did not terminate parental rights (as noted above) before adoption proceedings began." Supplemental Complaint, at 9. It is unclear from the Supplemental Complaint what the outcome was of any effort to terminate parental rights or place the children for adoption.

[5]After the Underlying State Case was completed, Eckardt apparently asked Judge Kouri, as Presiding Judge of the Tazewell County courthouse, to reopen the Underlying State Case and appoint new counsel for her. She claims that he ignored her request. See Verified Complaint (d/e 1), Exhibits A1, Letter to Judge Kouri dated September 28, 2008, and Exhibit A2, Letter dated October 12, 2008, to Judicial Inquiry Board. Eckardt did not include these exhibits in the Amended Complaint or incorporate them by reference into the Supplemental Complaint.

Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Supplemental Complaint must set forth a short and plain statement of the claims showing that Eckardt is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Eckardt is entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

ANALYSIS

Eckardt wants exoneration from the decision in the Underlying State Case where she was found to be an unfit mother and she wants Judges McCoy and Kouri to pay her $14,000,000.00 in compensatory and punitive damages. Both requests must be dismissed. This Court cannot award damages because Judges McCoy and Kouri are absolutely immune from Eckardt's claim for damages under the doctrine of judicial immunity. Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006); see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (judicial immunity bars damage claims but does not bar claims for prospective injunctive relief).[6] This Court cannot

---

[6]Judges McCoy and Kouri also assert Eleventh Amendment immunity and the statute of limitations as additional defenses. The Eleventh Amendment would bar all damage claims from state judges in their official capacity, but would not bar prospective injunctive relief brought against them in their official capacities or damage claims

grant injunctive relief to exonerate her because such a decision would require overturning the judgment in the Underlying State Case and this Court lacks jurisdiction, under the Rooker-Feldman doctrine, to review or overturn a decision in a state case. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).[7]

Eckardt relies on Scheuer v. Rhodes, 416 U.S. 232, 237 (1974), for the proposition that state officials lose their immunity when the officials violate the United States Constitution. The Scheuer case involved state sovereign immunity and official immunity, not judicial immunity. The defendants in Scheuer were not judges. The Scheuer case, therefore, does

---

brought against them in their individual capacities. Green v. Mansour, 474 U.S. 64, 68-69 (1985); Hafer v. Melo, 502 U.S. 21, 25-26 (1991). The Illinois statute of limitations for personal injury claims governs this § 1983 claim. E.g., Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). The statute of limitation defense might not mandate dismissal at the pleading stage because the Supplemental Complaint does not set forth dates of the events on which Eckardt bases her claim. Issues of fact, thus, may exist as to when the cause of action accrued. Eckardt also argues that Dr. Grant's assessment creates an issue of fact regarding whether she was under a legal disability. If she was sufficiently mentally impaired, the statute would have been tolled until she was no longer mentally incapable of presenting her claim. Plaintiff's Response to Motion to Dismiss Amended Complaint (d/e 21), at 9-10; 735 ILCS 5/13-211; see Johnson, 272 F.3d at 521 (state forum tolling statutes apply to statute of limitations in § 1983 cases). Dr. Grant's assessment might create an issue of fact. The Rooker-Feldman doctrine and the doctrine of judicial immunity, however, clearly bar all of Eckardt's claims.

[7]Section 1983 also prohibits granting injunctive relief against a judicial officer for actions taken in his judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. The Court does not discuss this issue further because the parties do not address this issue and Eckardt's claim should be dismissed regardless.

not apply. Eckardt alleges that Judges McCoy and Kouri violated her rights by the decisions they made as judges in connection with the Underlying State Case. Judges McCoy and Kouri are immune from damage claims arising from their judicial acts. <u>Loubser</u>, 440 F.3d at 442. Eckardt's damage claims are barred by judicial immunity.

Eckardt argues that the <u>Rooker-Feldman</u> doctrine does not apply because she is not a "state-court loser" trying to get this Court to review a state-court judgment, but a "state-court victim" of illegal violations of her rights by these Defendant judges. <u>Supplemental Complaint</u>, at 13. Be she victim or loser, Eckardt still wants this Court to grant prospective injunctive relief to change the outcome of the Underlying State Case. She wants her children back, and the Court understands and appreciates this unfortunate situation. The only way to grant her that relief would be to enjoin the Defendants to reverse or vacate the judgment in the Underlying State Case and order the Defendants to award her custody of her children or, at least, to give her a new trial. However, reversing state court judgments is exactly what the <u>Rooker-Feldman</u> doctrine prohibits. This Court has no jurisdiction to review and change a state-court judgment. Eckardt's remedy was to appeal to the Illinois Appellate Court. If she was unsuccessful, she could have sought an appeal to the Illinois Supreme Court. If that was not successful, she could have sought relief before the United States Supreme

Court.  See Exxon Mobil Corp., 544 U.S. at 285.  Federal Court, however, has no authority to modify the judgment in the Underlying State Case. Since Eckardt's claims are barred by judicial immunity and the Rooker-Feldman doctrine, this case should be dismissed.

WHEREFORE, this Court recommends that Defendants Judges McCoy and Kouri's Motion to Dismiss the Amended Complaint (d/e 18) be ALLOWED.  Plaintiff Amy Elise Eckardt's claims for damages should be dismissed with prejudice.  Plaintiff Eckardt's claims for injunctive relief should be dismissed for lack of jurisdiction.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen (14) days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:    July 6, 2011

_s/ Byron G. Cudmore_
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE