## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMY ELISE ECKARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-01011 |
| | ) | |
| JUDGE STEPHEN KOURI, JUDGE | ) | |
| RICHARD MCCOY, AND JUDGE ALBERT | ) | |
| PURHAM, | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

On July 6, 2011, a Report & Recommendation [#29] was filed by Magistrate Judge Byron G. Cudmore in the above captioned case, recommending that Defendant Judges Stephan Kouri and Richard McCoy be dismissed.  Plaintiff Amy Elise Eckardt ("Eckardt") filed a timely response to the Report & Recommendation [#30].  For the reasons set forth below, the Report & Recommendation is adopted in its entirety.  Plaintiff's claims against Defendant Judges Stephan Kouri and Richard McCoy are dismissed.

### BACKGROUND

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Suffice it to say that Plaintiff brought this litigation alleging that (1) Defendant Judge Richard McCoy ("McCoy") violated Eckardt's constitutional rights throughout the state court proceedings adjudicating her parental rights, and (2) Defendant Judge Stephen Kouri ("Kouri") was aware of and accountable for McCoy's actions.  Plaintiff commenced the present litigation by filing a Complaint [#1] on January 11, 2009.

1

Plaintiff filed an Amended Supplemental Complaint [#14] on April 29, 2011. Defendants McCoy and Kouri filed their Motion to Dismiss [#18] on May 11, 2011, and that matter was fully briefed. Magistrate Judge Cudmore entered his Report & Recommendation [#29] on July 6, 2011, and Plaintiff filed a timely Motion to Reconsider [#75] on July 18, 2011. The deadline for additional responses has passed, and this Order follows.

## STANDARD OF REVIEW

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

## ANALYSIS

Plaintiff's Response to the Magistrate Judge's Report & Recommendation essentially takes issues with the application of the *Rooker-Feldman* doctrine and the application of judicial immunity. In so much as Plaintiff raises additional arguments not related to the Magistrate Judge's Order, these arguments are not appropriate at this time.

## I. *Rooker-Feldman* doctrine

In general, the *Rooker-Feldman* doctrine bars federal claims that are so "inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Gorzelanczyk v. Baldassone*, 29 Fed.Appx. 402, 403 (7th Cir. 2002) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)). Instead, plaintiffs should pursue their case in the state appellate courts in order to gain relief.

This case is strikingly similar to a Seventh Circuit case regarding a mother's claim for

injunctive relief pertaining to a custody decree issued by the state judiciary. *Mannix v. Machnik*, 244 Fed.Appx. 37 (7th Cir. 2007). In that case, the Seventh Circuit stated that a "domestic relations exception" does not bar all cases and would probably not apply in situations where the plaintiff is seeking "prospective relief against a statute or rule that is said to be unconstitutional." *Mannix*, 244 Fed.Appx. at 38. The Court noted that relief from an adverse state decision must be pursued through that state's appellate system up to and including a petition for writ of certiorari to the United States Supreme Court.

While Plaintiff does correctly note that *Rooker-Feldman* applies narrowly and does not apply to the review of executive action, she is asking this Court to review a judicial decision. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006). Plaintiff is not claiming that a widespread rule or generally applicable statute is unconstitutional, but is instead taking issue with the judicial decision in her state custody case. In so far as Plaintiff is seeking review of a state court judicial decision and, specifically, of the conduct of presiding judges, she must appeal that decision through the state appellate court system. Any such review is not within this Court's subject matter jurisdiction and, therefore, Plaintiff's implied request for injunctive relief must be denied.

## II.     Judicial immunity

Plaintiff also appears to bring claims against the Defendant Judges for their specific actions in her case. Judges have absolute immunity from claims arising from their judicial conduct. *Loubser v. Thacker*, 440 F.3d 439, 442 (7 Cir. 2006) (citing *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990); *J.B. v. Washington County*, 127 F.3d 919, 925 (10th Cir. 1997)). Judicial immunity also protects judges from damages claims. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

In her Response, Plaintiff relies primarily on two cases to support her position that Judges

McCoy and Kouri are not protected by judicial immunity. First, Plaintiff states that "judicial immunity is counteracted" in the Ninth Circuit case of *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). (Resp., ¶ 47). The *Gregory* case involved a plaintiff's claim under the Civil Rights Act for assault and battery against a judge who allegedly forcibly evicted the plaintiff from the courtroom, pushed him to the ground, and beat him. *Gregory*, 500 F.2d at 61. The judge claimed judicial liability, but the Ninth Circuit found that the defendant judge acted, not only unreasonably but in "the clear absence of all jurisdiction." *Id.* at 62 (citing cases).

Plaintiff also heavily relies on the United States Supreme Court case of *Stump v. Starman*, 435 U.S. 349, 98 S.Ct. 1099 (1978). (Resp. ¶¶ 48-56). In the *Stump* case, a judge ordered the forced sterilization of a 15 year-old girl without notice to the girl or appointment of a guardian *ad litem*. The Court held that the judge's act constituted a "judicial act" within the judge's jurisdiction and, as such, the judge maintained absolute immunity. In reaching this determination, the Court stated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. 349 at 356-57.

The case before this Court is not analogous to the either the *Gregory* case or the *Stump* case. In this case, Judges McCoy and Kouri were within their jurisdiction to rule on Plaintiff's custody matter. Additionally, their alleged actions in this case are "judicial acts" warranting judicial immunity. Furthermore, in so much as Plaintiff seeks $14,000,000.00 in damages, the Defendant Judges are immune from claims seeking damages. As Plaintiff's request for injunctive relief is barred by the *Rooker-Feldman* doctrine, and Defendants McCoy and Kouri are immune from Plaintiff's damages claim, Plaintiff's claims against Defendants McCoy and Kouri must be

dismissed.

## CONCLUSION

For the reasons set forth below, the Report & Recommendation is adopted in its entirety.

Plaintiff's claims against Defendant Judges Stephan Kouri and Richard McCoy are dismissed. This case is referred to the Magistrate Judge for further proceedings.

ENTERED this __5th__ day of August, 2011

        __s/ Michael M. Mihm_____
        Michael M. Mihm
        United States District Judge