**E-FILED**
Wednesday, 17 August, 2011 11:45:57 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY ELISE ECKARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-1011 |
| ) | |
| JUDGE STEPHEN KOURI, JUDGE ) | |
| RICHARD MCCOY, JUDGE ALBERT ) | |
| PURHAM, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on Plaintiff Amy Elise Eckardt's ("Eckardt") Motion to Appeal In Forma Pauperis [#39]. For the reasons set forth below, the Motion [#39] is DENIED.

### BACKGROUND

On January 11, 2011, Eckardt filed this case against Judges Stephen Kouri, Richard McCoy, and Albert Purham. Plaintiff sought and was granted leave to proceed in forma pauperis [#2]. Eckardt essentially claims that the Defendant Judges improperly handled her child custody case and that her rights were, therefore, violated. The Magistrate Judge issued his Report & Recommendation [#29], recommending that Defendants McCoy and Kouri's Motion to Dismiss [#18] be allowed and that Plaintiff's claims be dismissed with prejudice. This Court issued its Order [#37], adopting the Report & Recommendation in its entirety. Defendants McCoy and Kouri were terminated as parties, and Plaintiff's claims against them were dismissed. Plaintiff filed her Notice of Appeal [#38] on August 11, 2011 along with the present Motion for Leave to Appeal in forma pauperis [#39].

### DISCUSSION

Eckardt seeks leave to proceed in forma pauperis on appeal. Federal Rule of Appellate Procedure 24(a)(3) provides that

> "a party who was permitted to proceed in forma pauperis in the district court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . ."

This "bad faith" standard is also the same standard employed in Title 28 U.S.C. § 1915(a)(3). Different from the standard associated with merit, the Seventh Circuit has suggested that a finding of bad faith is a higher standard. *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997). However, more recent case law has backed away from *Newlin*, finding that bad faith is essentially equivalent to a finding of frivolousness. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[T]o sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Id.*

Eckardt's claims clearly fall under the Defendant Judges' judicial immunity and otherwise fall under the *Rooker-Feldman* doctrine. As such, Eckardt's claims are without merit, and thus an appeal would be frivolous. As such, Eckardt's Motion to Appeal in forma pauperis [#39] is DENIED.

ENTERED this __17th__ day of August, 2011.

                                              __s/ Michael M. Mihm__
                                              Michael M. Mihm
                                              United States District Judge