E-FILED
Friday, 09 September, 2011 09:46:07 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AMY ELISE ECKARDT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-CV-1011 ) |
| JUDGE STEPHEN KOURI, JUDGE RICHARD McCOY, and JUDGE ALBERT PURHAM, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Judge Albert Purham's Motion to Dismiss Supplemental Amended Complaint (d/e 33) (Motion to Dismiss), and Plaintiff Amy Elise Eckardt's Motion for Leave to File Second Amended Complaint (d/e 31) and Plaintiff Statement Corrected to Plaintiff's Motion for Leave to File Second Amended Complaint (d/e 36) (Eckardt's two Motions collectively referred to as Motions for Leave). The time for filing responses to these three Motions has expired so all three are ready for determination. See Local Rule 7.1(B)(2). The three Motions have been referred for a Report and Recommendation. For the reasons set forth below, the Court recommends that the Motion to Dismiss should be ALLOWED and the Motions for Leave should be DENIED.

## STATEMENT OF FACTS

The allegations in the Amended Supplemental Complaint (d/e 14) are set forth in detail in the prior Report and Recommendation entered July 6, 2011 (d/e 29) (July 6 R&R), and the Court will not restate them in detail. Eckardt's central complaint is that she lost custody of her children through the allegedly wrongful judicial decisions of the Defendants in a Tazewell County, Illinois, case identified as Juvenile Case No. 03-JA-17 (Underlying State Case). July 6 R&R, at 2-4.

Eckardt now seeks to amend the Amended Supplemental Complaint. Motion for Leave to File Second Amended Complaint, Exhibit A, proposed Plaintiff's Second Amended Complaint (Second Amended Complaint). The proposed Second Amended Complaint supplements the allegations in the Amended Supplemental Complaint. Motion for Leave to File Second Amended Complaint, at 1-2. The proposed Second Amended Complaint, alleges that:

> Judges Purham, McCoy, and Kouri have violated laws that prove that they are guilty of the following crimes: kidnapping (sic), civil conspiracy, fraud/fraudulent concealment, racketeering-exploiting children to foster care unnecessarily for the gains of government funding, obstruction of justice, retaliation, collusion with the state agency, concealing a crime, and aiding a abetting a criminal.

Second Amended Complaint, ¶ 2. The Second Amended Complaint alleges that the Defendants have, "hurt the general public while in their

judicial duties in their official capacity." Id. ¶ 3.

The proposed Second Amended Complaint alleges that Judge Purham, through his handling of the Underlying State Case, wrongfully allowed Eckardt's child Noah to be abused by Catholic Charities and taken from her, which Eckardt characterizes as kidnaping. The Second Amended Complaint also alleges that Judge Purham wrongfully kept the Underlying State Case open, which injured Eckardt by not allowing her to appeal. Id. ¶¶ 4-7.

The proposed Second Amended Complaint alleges that Judge McCoy did not report child abuse, but he and Judge Kouri covered up the abuse. Judge McCoy allegedly retaliated against Eckardt by denying her the right to an attorney and claiming that she had a mental illness. Id. ¶¶ 5, 7-8.

The proposed Second Amended Complaint alleges that the Defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act (RICO) and violated her constitutional rights. The proposed Second Amended Complaint prays for a Department of Justice examination and audit of her accusations and for monetary relief in excess of $75,000.00. Id. at 4.

ANALYSIS

Judge Purham seeks to dismiss the Amended Supplemental Complaint on largely the same grounds as those raised by the former Defendants Judges Stephen Kouri and Richard McCoy in their Motion to Dismiss (d/e 18), and as set forth in detail in the July 6 R&R. The Court recommends that the claim against Judge Purham be dismissed for the same reasons. The claim for damages against Judge Purham is barred by judicial immunity. See July 6 R&R, at 5-6. The claim to reverse a state court decision in the Underlying State Case is barred by the Rooker-Feldman doctrine. See Id. at 5-8. Thus, the claims against Judge Purham in the Amended Supplemental Complaint should be dismissed.

The Court further recommends that the Motions for Leave should be denied. Leave to amend pleadings generally should be liberally granted; however, leave to amend should be denied if the amendments would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The proposed Second Amended Complaint seeks money damages against Judges Purham, McCoy, and Kouri for the actions they took as judges in the Underlying State Case. These claims are barred by judicial immunity regardless of whether they are RICO claims or claims for violations of Eckardt's constitutional rights. See Glick v. Gutbrod, 782 F.2d 754, 756 (7th Cir. 2006) (judicial immunity applies to RICO claims); Dennis v. Sparks,

449 U.S. 24, 27 (1980) (judicial immunity applies to claims for violation of constitutional rights). Judges cannot be sued for money damages for the actions they take in their judicial capacities. Eckardt's proposed amendments to the pleadings do not change this infirmity with her claim.

The proposed request for a Justice Department investigation and audit would also be a futile amendment because the Court does not have authority to order such an investigation and audit. Eckardt is free to make her request directly to the Justice Department, and the Department is free to respond as it determines to be appropriate. The Court, however, lacks authority to order such an investigation and audit. The proposed amendments are therefore futile, and so, the Motions for Leave to Amend should be denied.

Eckardt argues that Defendants cannot be immune from the claims in the proposed Second Amended Complaint because she alleges that the Defendants committed crimes. She argues that they cannot be immune from criminal prosecution. Eckardt, however, lacks standing to seek criminal prosecution. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private individual lacks standing to demand criminal prosecution). Furthermore, this is a civil case and is not a criminal prosecution. This is a civil case for money damages. The Defendants are immune from Eckardt's request for money damages regardless of whether a prosecutor could or

could not bring an independent criminal charge in a criminal case.  The proposed amendments are therefore futile and the Motions for Leave should be denied.

WHEREFORE the Court RECOMMENDS that Defendant Judge Albert Purham's Motion to Dismiss Supplemental Amended Complaint (d/e 33) should be ALLOWED, and Plaintiff Amy Elise Eckardt's Motion for Leave to File Second Amended Complaint (d/e 31) and Plaintiff Statement Corrected to Plaintiff's Motion for Leave to File Second Amended Complaint (d/e 36) should be DENIED.  Plaintiff Amy Elise Eckardt's claims for damages should be dismissed with prejudice.  Plaintiff Eckardt's claims for injunctive relief should be dismissed for lack of jurisdiction.  Plaintiff Eckardt's request to amend her pleadings should be denied as futile.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   September 9, 2011

       *s/ Byron G. Cudmore*
       BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE