UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY ELISE ECKARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-1011 |
| | ) |
| JUDGE STEPHEN KOURI, | ) |
| JUDGE RICHARD McCOY, and | ) |
| JUDGE ALBERT PURHAM, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Byron Cudmore's Report and Recommendation [#49]. Therein, the Magistrate Judge recommends that Defendant Judge Albert Purham's ("Judge Purham") Motion to Dismiss Supplemental Amended Complaint ("Motion to Dismiss") (#33) be ALLOWED and Plaintiff Amy Elise Eckardt's ("Plaintiff" or "Eckardt") Motion for Leave to File Second Amended Complaint ("Leave to Amend Motion") (#31) and Plaintiff's Motion to Correct Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Correct") (#36) be DENIED.

On September 26, 2011, Plaintiff filed a "Response" to the Report and Recommendation ("Objection") within the time required requesting that this Court "renounce" the Report and Recommendation and proceed with her new Amended Complaint. In her response, Plaintiff explains that her central complaint is that she "was accused of a crime and did not have a trial." She further explains that the "Defendants as Judges in their official capacity and individual capacity did not report child abuse." And finally, she alleges that "RICO crimes covered up the actual events that transpired in Tazewell County Courthouse by keeping Plaintiff's rights restrained." On the same

date Plaintiff filed her objection, she also filed a Motion to Challenge the Amendments to the Constitution of the United States ("Constitutional Amendment Challenge Motion") (#51).  In this Motion, Plaintiff again asks this Court to proceed with her case.  On October 13, 2011, Defendant Judge Purham filed his responses to the Plaintiff's Objection and Constitutional Amendment Challenge Motion.  The matters presented above are now ready for ruling.

For reasons stated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation (#49).  Plaintiff's Motion for Leave to File Second Amended Complaint (#31) and Statement Corrected to Plaintiff's Motion for Leave to File Second Amended Complaint (#36) are DENIED.  Defendant's Motion to Dismiss Supplemental Amended Complaint (#33) is GRANTED.  Outside the scope of the Report and Recommendation, this Court additionally DENIES Plaintiff's Motion to Challenge the Fifth, Sixth, Eighth and Ninth Amendments  to the United States Constitution (#51).

## **STANDARD OF REVIEW**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  See Fed. R. Civ. P. 72(b).  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

### Motion to Dismiss

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party.  Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993).  In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This Court will

dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993). In the instant matter, the Court recognizes that Plaintiff is pro se and in reviewing her complaint the Court should hold it "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

### Motion to Amend

Under Federal Rule of Civil Procedure 15(a), plaintiffs may amend their complaint once "as a matter of course at any time before a responsive pleading is served;" at any other time "leave [to amend] shall be freely given when justice so requires." A plaintiff's right to amend as a matter of course is not, however, absolute. Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir. 1991). When examining whether to grant a motion for leave to amend, the Court must consider whether or not the amendments to the Complaint would be futile. Forman v. Davis, 371 U.S. 178, 182 (1962).

### **PROCEDURAL AND FACTUAL BACKGROUND**

The relevant procedural and factual history are set forth in the current and previous Report & Recommendations of the Magistrate Judge [#28, 29, and 49]; however, the Court provides a brief overview of the case below.

On January 1, 2011, Plaintiff filed her Verified Complaint [#1] against various Illinois State Court Judges in Tazewell County alleging that her Constitutional rights were violated when she lost custody of her children. Specifically, Plaintiff alleged that Defendant Judge Richard McCoy ("Judge McCoy") violated Eckardt's constitutional rights throughout the state court proceedings adjudicating her parental rights, and that Defendant Judge Stephen Kouri ("Judge Kouri") was aware of and accountable for McCoy's actions. On April 1, 2011, Plaintiff filed her Amended Complaint [#2] raising essentially the same claims but adding Judge Purham.

On April 27, 2011, Plaintiff filed a Motion for Leave to File a Supplemental Amended Complaint [#11] and the Motion was allowed by the Court. The Amended Supplemental Complaint was filed on April 29, 2011. Plaintiff's claims against Judge Purham are not readily apparent on the face of the current Complaint; however, the most clear mention of Judge Purham is in the caption wherein Eckardt notes her suit is against "Judge Albert Purham, individually and in his official capacity as a judge in the Circuit Court, of the Tenth Judicial Circuit of Illinois, Peoria County." In its Order dated August 5, 2011, the Court had dismissed Judge Kouri and Judge McCoy from this suit. Judge Puhman now files a Motion to Dismiss [#33], arguing that the suit is barred by principals of immunity, the Eleventh Amendment, and the Rooker-Feldman doctrine. The Motion to Dismiss is well taken.

Additionally, Plaintiff seeks to amend her complaint yet again by filing her Motion for Leave to File Second Amended Complaint [#31]. At this point it is clear that the Plaintiff has had multiple opportunities to amend her complaint to state a cognizable claim and has failed to do so. As a result, this case must end.

## DISCUSSION

**Motion to Dismiss**

As noted above, the Complaint against Judge Purham is unclear at best. There are no factual allegations of wrongdoing and the Judge's name only appears in the caption of the case. As a result, Judge Purham is entitled to be dismissed.

In her Objection, Plaintiff asserts several allegations regarding Judge Purham, but again, none appear in the Complaint. Specifically, in her Objection, Plaintiff notes that:

> Judge Purham put me in twice jeopardy of the same crime when he allowed the taking of [her child] from the hospital. Judge Purham accused Plaintiff of child abuse which is classified as a crime. Judge Purham then allowed me to be illegally punished by keeping my children from me.

In the end, Plaintiff makes it clear that these allegations stem from the Judge's role in her case by concluding that "Family court law deprived me of my life and liberty." Because the allegations arise out of the judge's official capacity, the Magistrate Judge was correct in finding that the Judge is protected from suit by judicial immunity. See, Forester v. White, 484 U.S. 219, 225-29 (1988). Loubser v. Thacker, 440 F.3d 439, 442 (7 Cir. 2006) (citing John v. Barron, 897 F.2d 1387, 1391-92 (7th Cir. 1990). Judicial immunity also protects this judge from claims for monetary damages. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).

**Leave to Amend Motion/Motion to Correct**

The Magistrate Judge also correctly identified the futility in the Plaintiff's proposed amendment to the Complaint. Plaintiff's summarizes her newest Complaint as follows:

> This case is about state court crimes. Plaintiff states that Judge Purham, Judge McCoy, and Judge Kouri have violated laws that prove they are guilty of the following crimes: kidnaping, civil conspiracy, fraud/fraudulent concealment, racketeering-exploiting children to foster care unnecessarily for the gains of government funding, obstruction of justice, retaliation, collusion with the state agency, concealing a crime, and aiding and abetting a criminal.

In the end, Plaintiff demands "the Department of Justice examine and preferably audit Plaintiff's accusations [ ]" and "[m]onetary relief [of] $75,000.01 [ ]." The Magistrate Judge correctly identified that this Court cannot grant the relief that the Plaintiff seeks and as a result, her proposed amendment would be futile. Moreover, as noted above, the claims against all of the Judges are for their role as judges in the Plaintiff's underlying state case. These claims are barred by judicial

immunity no matter how Plaintiff attempts to cloak them into the various laws, including Racketeer Influenced and Corrupt Organization Act or otherwise.

Additionally, the Rooker-Feldman doctrine "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments." Remer v. Burlington Area School Dist., 205 F.3d 990, 996 (7th Cir. 2000). Specifically, it "bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." Id. The effect of this doctrine is to make it clear that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Id. As a result, the Court lacks jurisdiction to review the decision of the Illinois state court.

**Constitutional Amendment Challenge Motion**

Plaintiff's Motion to Challenge the Fifth, Sixth, Eighth and Ninth Amendments to the United States Constitution (#51) seeks that "this honorable court finds that the aforementioned Amendments are unconstitutional regarding Plaintiff's case because the language is neither clear nor concise." Plaintiff's attack on the Constitutional Amendments are completely without merit and lack any applicability to her case. The entire filing can be summarized as a combination of irrelevant statements and a "cut and paste" of sentences of inapplicable cases. As a result, the Motion is denied.

## CONCLUSION

This Court now ADOPTS the Magistrate Judge's Report and Recommendation (#49). Plaintiff's Motion for Leave to File Second Amended Complaint (#31) and Motion to Correct Plaintiff's Motion for Leave to File Second Amended Complaint (#36) are DENIED. Defendant's

Motion to Dismiss Supplemental Amended Complaint (#33) is GRANTED.  Plaintiff's Motion to Challenge the Fifth, Sixth, Eighth and Ninth Amendments  to the United States Constitution (#51) is DENIED.  This case is now TERMINATED.

    ENTERED this 18th day of October 2011.

                                            /s/ Michael M. Mihm
                                                Michael M. Mihm
                                            United States District Judge